UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DICE CORPORATION,

    Plaintiff,

v.

    Case No. 11- 13578 -BC

    Hon. Thomas L. Ludington

BOLD TECHNOLOGIES LTD,

    Defendant.

## FIRST AMENDED COMPLAINT

NOW COMES Dice Corporation ("Dice"), by and through its attorneys, Braun Kendrick Finkbeiner P.L.C., and for its First Amended Complaint in this matter against Bold Technologies LTD ("Bold"), states the following:

1. Dice is a Michigan corporation with its principal place of business located in Bay County, Michigan.

2. Bold is an Illinois corporation with its principal place of business located in Colorado Springs, Colorado.

3. This Court has jurisdiction over this dispute based upon complete diversity of citizenship and the fact that the amount in controversy greatly exceeds the sum of $75,000.

4. This Court also has jurisdiction over this dispute pursuant to 28 USC §§1331 and 1338 because this is an action for violation of the Digital Millennium Copyright Act, violation of the Computer Fraud and Abuse Act and copyright infringement.

5. Venue is appropriate based upon the fact the tortious activity described herein took place in this judicial district.

6. Dice provides security and alarm monitoring services for customers located throughout the United States and the world.

7. Bold is a direct competitor of Dice.

8. Over the years, Dice has invested millions of dollars in the development of proprietary software which it utilizes in its business.

9. Dice is the author and the present owner of the following software protected by copyright:

| Title of Work | Year of Completion | Certificate No. |
|---|---|---|
| Standard ADEMCO Driver | 1998 | TXu 1-766-370 |
| DMP Receiver | 1998 | TXu 1-766-369 |
| Surgard Receiver | 2000 | TXu 1-766-371 |

10. Dice takes extreme precautions to guard the confidentiality of its software. Significantly for purposes of this lawsuit, all Dice software is encrypted as to prevent its theft by Dice customers. All Dice employees, including former Dice employee Amy Condon, are parties to secrecy and non-disclosure agreements.

11. Ms. Condon's Agreements with Dice are collectively attached hereto as Exhibit "A". On or about May 27, 2011, Ms. Condon left Dice and became employed by Bold.

12. At various points prior to July 12, 2011, Ms. Condon accessed Dice servers located in Dice's Bay City facility and accessed electronic file layouts that contained proprietary signal processing intelligence software. At various time between July 12, 2011 and July 25, 2011, Ms. Condon accessed Dice servers located at client sites and initiated file transfers of proprietary signal processing intelligence software.

**COUNT I – VIOLATION OF MICHIGAN UNIFORM TRADE SECRET ACT (MUTSA)**

13. Paragraphs 1 through 12 of Plaintiff's Complaint are hereby reasserted and incorporated by reference herein.

14. Prior to its theft by Defendant in July of 2011, the signal processing intelligence at issue was neither known to nor readily ascertainable by proper means by any of Dice's competitors including Defendant.

15. Dice protected the secrecy of this information by restricting access to this information to its employees and by restricting the use of this information by Dice employees.

16. Dice's sole possession of this information provided it with a competitive advantage over its competitors and thus had great economic value to Dice.

17. Defendant knew or had reason to know that Dice's trade secrets were being obtained by Amy Condon by improper means.

18. Defendant was placed on notice of Dice's concerns in this regard by virtue of the letter from Dice counsel dated June 3, 2011, and attached hereto as Exhibit "B".

19. Defendant's misappropriation of Dice trade secrets was both willful and malicious.

WHEREFORE, Dice prays that this Honorable Court enter a judgment in its favor and against Bold in an amount equal to Dice's actual damages, in an amount equal to the degree to which Bold has been unjustly enriched by the theft of Dice's trade secrets or in the amount equivalent to a reasonable royalty for use of Dice's trade secrets together with Dice's actual attorney fees, costs, and statutory interest.

## COUNT II – CONVERSION

20. Paragraphs 1 through 19 of Plaintiff's Complaint are hereby reasserted and incorporated by reference herein.

21. Defendant's action in accessing and copying Dice's proprietary information is both factually and legally equivalent to breaking and entering into Dice's facility and stealing documents containing that information.

22. Defendant's actions constitute conversion under Michigan law and entitle Dice to treble damages.

WHEREFORE, Dice prays that this Honorable Court enter a judgment against Bold in an amount equal to three times its actual damages in this matter, together with attorney fees, court costs and statutory interest.

### COUNT III – UNJUST ENRICHMENT

23. Paragraphs 1 through 22 of Plaintiff's Complaint are hereby reasserted and incorporated by reference herein.

24. The actions of Amy Condon referenced above have enabled Bold to receive the benefit of years of Dice software development.

25. Dice estimates that it has expended an amount in excess of $5,000,000 developing the software misappropriated by Bold. It would be inequitable to permit Bold to profit from the use of the information misappropriated by its employee without compensating Dice for creating and developing this information.

WHEREFORE, Dice prays that this Honorable Court determine the degree to which Bold has been unjustly enriched by the misappropriation of the information in question and enter a judgment in Dice's favor and against Bold in an amount equal to this unjust enrichment, together with attorney fees, court costs and statutory interest.

### COUNT IV – VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

26. Paragraphs 1 through 25 of Plaintiff's Complaint are hereby reasserted and incorporated by reference herein.

27. Dice's encryption of its software is a technological measure that effectively controls access to its products.

28. Bold's use of former Dice employees with knowledge of methods to circumvent this encryption has permitted Bold access to Dice software without permission from Dice.

29. Bold has utilized this unauthorized access to Dice software to unfairly compete against Dice with respect to current Dice customers and potential Dice customers.

30. As a result of Bold's actions, Dice has been damaged.

WHEREFORE, Dice prays that this Honorable Court:

a) Order that all information in Bold's possession regarding Dice software encryption be destroyed or impounded;

b) Order that Dice be awarded its actual damages pursuant to 17 USC § 1203 (c) (2);

c) Order that Dice be awarded statutory damages pursuant to 17 USC § 1203 (c) (3); and

d) Order that Dice be awarded costs including reasonable attorney's fees in accordance with 17 USC § 1203 (b) (5).

## COUNT V – COPYRIGHT INFRINGEMENT – CREATION OF UNAUTHORIZED DERIVATIVE WORKS

31. Paragraphs 1 through 30 of Plaintiff's Complaint are reasserted and incorporated by reference herein.

32. Bold has incorporated Dice's copyrighted software into Bold's conversion program.

33. Bold's conversion program is a "derivative work" as that term is defined in 17 USC § 101.

34. Bold's derivative conversion program was created without Dice's authorization and contrary to Dice's exclusive rights to its copyrighted software as provided in 17 USC § 106.

35. Bold's infringement upon Dice's copyrights was willful in that Bold was aware of the proprietary nature of Dice's software, surreptitiously accessed such software, and proceeded to utilize the software without compensation to Dice.

36. Dice has been damaged as a result of this willful infringement.

WHEREFORE, Dice prays that this Honorable Court:

a) Order that Dice be awarded its actual damages pursuant to 17 USC § 504 (b);

b) Order that Dice be awarded statutory damages pursuant to 17 USC § 504 (c);

c) Order that Dice be awarded costs including reasonable attorney's fees pursuant to 17 USC § 505.

## COUNT VI – VIOLATION OF COMPUTER FRAUD AND ABUSE ACT

37. Paragraphs 1 through 36 of Plaintiff's Complaint are reasserted and incorporated herein.

38. The Dice servers accessed by Bold are used in both interstate and foreign commerce and are thus "protected computers" as defined at 18 USC § 1030 (e) (2).

39. Bold's access to confidential and proprietary information contained on the Dice servers was both intentional and without authorization.

40. Dice has sustained damages as a result of Bold's violation of this Act.

WHEREFORE, Dice prays that this Honorable Court enter a Judgment against Bold in an amount equal to the economic damages incurred by Dice as a result of Bold's violation of the Act, including all "losses" as defined at 18 USC § 1030 (e) (11).

Dated: October 18, 2011

By: s/Craig W. Horn
CRAIG W. HORN
Braun Kendrick Finkbeiner P.L.C.
Attorneys for Plaintiff
4301 Fashion Square Boulevard
Saginaw, Michigan 48603
(989) 498-2100
crahor@bkf-law.com
(P34281)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DICE CORPORATION,

    Plaintiff,

v.

BOLD TECHNOLOGIES LTD,

    Defendant.

Case No. 11- 13578 -BC

Hon. Thomas L. Ludington

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2011, I electronically filed the foregoing First Amended Complaint with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

Dated: October 18, 2011

By: s/Teresa M. Mielke
Braun Kendrick Finkbeiner P.L.C.
Legal Secretary
4301 Fashion Square Boulevard
Saginaw, MI 48603
(989) 498-2100
termie@bkf-law.com