UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DICE CORPORATION,

    Plaintiff,

v.

BOLD TECHNOLOGIES LTD,

    Defendant.

Case No. 11-13578-TLL-CEB

Hon. Thomas L. Ludington

---

| BRAUN KENDRICK FINKBEINER P.L.C. | JAFFE RAITT HEUER & WEISS PC |
|---|---|
| Craig W. Horn (P34281) | David S. McDaniel (P56994) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 4301 Fashion Square Boulevard | 27777 Franklin Road, Ste 2500 |
| Saginaw, MI 48603 | Southfield, MI 48034 |
| (989) 498-2100 | (248) 351-3000 |

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES Plaintiff Dice Corporation ("Dice"), by and through its attorneys, Braun Kendrick Finkbeiner P.L.C., and for its Response to Defendant's Motion for Partial Dismissal of Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), states the following:

Defendant Bold Technologies, Ltd. ("Bold") has moved to dismiss Count IV of Dice's Second Amended Complaint, arguing that Dice has not alleged a "loss" covered by the Computer Fraud and Abuse Act ("CFAA")(18 USC § 1030 et seq.). As stated more fully in the accompanying Brief, Bold's Motion should be denied because a "loss" under the CFAA includes costs attributable to damage assessment and remedial activities, which Dice has alleged, regardless of whether those losses relate to interruption of service.

{S0938734.DOC.1}

WHEREFORE, Plaintiff Dice Corporation respectfully requests that this Honorable Court deny Defendant Bold's Motion for Partial Dismissal, and grant Plaintiff any other relief this Court deems just and appropriate.

Dated: December 27, 2011                By: s/Craig W. Horn
                                                      CRAIG W. HORN
                                                      Braun Kendrick Finkbeiner P.L.C.
                                                      Attorneys for Plaintiff
                                                      4301 Fashion Square Boulevard
                                                      Saginaw, Michigan  48603
                                                      (989) 498-2100
                                                      crahor@bkf-law.com
                                                      (P34281)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DICE CORPORATION,

    Plaintiff,

v.

BOLD TECHNOLOGIES LTD,

    Defendant.

Case No. 11-13578-TLL-CEB

Hon. Thomas L. Ludington

---

| BRAUN KENDRICK FINKBEINER P.L.C. | JAFFE RAITT HEUER & WEISS PC |
|---|---|
| Craig W. Horn (P34281) | David S. McDaniel (P56994) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 4301 Fashion Square Boulevard | 27777 Franklin Road, Ste 2500 |
| Saginaw, MI 48603 | Southfield, MI 48034 |
| (989) 498-2100 | (248) 351-3000 |

---

## PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

PREPARED BY:

BRAUN KENDRICK FINKBEINER P.L.C.
By: Craig W. Horn (P34281)
Attorneys Plaintiff
4301 Fashion Square Boulevard
Saginaw, Michigan 48603
989-498-2100

{S0938767.DOC.1}

## **TABLE OF CONTENTS**

**PAGE(S)**

Table of Contents ................................................................................................................. i

Index of Authorities ............................................................................................................ ii

Question Presented............................................................................................................. iii

Controlling Law or Most Appropriate Authority for Relief Requested ......................... iv

Introduction and Statement of Facts ..................................................................................1

Argument .............................................................................................................................2

      A.    DICE HAS PLED A LOSS COVERED BY THE CFAA ......................................2

           1.    This Court Should Recognize the Two-Category Approach to "Loss" Under the CFAA ................................................................................2

           2.    Dice Has Pled a Loss Under the Two-Category Approach .........................5

Conclusion ............................................................................................................................6

# INDEX OF AUTHORITIES

**CASES**                                               **PAGE(S)**

*Continental Group, Inc v KW Property Management, LLC*,
  622 F Supp 2d 1357 (SD FL, 2009).................................................................2

*EEOC v FPM Group, Ltd*,
  657 F Supp 2d 957 (ED Tenn, 2009)............................................................ iv

*Farmers Ins Exchange v Auto Club Group*,
  --F Supp 2d--; 2011 WL 4888889 (ND Ill, 2011) ...........................................3

*General Scientific Corp v SheerVision, Inc*,
  2011 WL 3880489 (ED Mich, 2011)..........................................................3, 4

*IMS Inquiry Management Systems, Ltd v Berkshire Information Systems, Inc*,
  307 F Supp 2d 521 (SD NY, 2004).................................................................3

*Jedson Engineering, Inc v Spirit Const Services, Inc*,
  720 F Supp 2d 904 (SD Ohio, 2010) ..........................................................3, 6

*Multiven, Inc v Cisco Systems, Inc*,
  725 F Supp 2d 887 (ND Cal, 2010) ................................................................3

**STATUTES**

18 USC § 1030......................................................................................................1

18 USC § 1030(c)(4)(A)(i)(I) ...............................................................................2

18 USC § 1030(e)(11)..................................................................................2, 4, 6

**COURT RULES**

Fed R Civ P 12(b)(6)........................................................................................... iv

## QUESTION PRESENTED

I.    Has Plaintiff alleged a loss covered by the Computer Fraud and Abuse Act?

Plaintiff answers "yes".

Defendant answers "no".

## CONTROLLING LAW OR MOST APPROPRIATE AUTHORITY FOR RELIEF REQUESTED

A Court may dismiss an action where the plaintiff has failed to state a claim upon which relief can be granted under Fed R Civ P 12(b)(6). In deciding such a motion, all well-pled allegations are taken as true and construed most favorably toward the non-moving party. *EEOC v FPM Group, Ltd*, 657 F Supp 2d 957, 964 (ED Tenn, 2009). The issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Id*.

The controlling or most appropriate authority for the specific relief requested herein is fully set forth in the argument section of the Brief and, for brevity's sake, will not be restated here.

## INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Dice Corporation ("Dice") provides security and alarm monitoring services for customers located throughout the United States and the world. Dice has invested millions of dollars in the development of proprietary software which it utilizes in its business, and Dice is the author and present owner of copyright-protected software. Defendant Bold Technologies, Ltd. ("Bold") is a direct competitor of Dice. On or about May 27, 2011, Dice employee Amy Condon left Dice and became employed by Bold. At various points prior to July 12, 2011, Ms. Condon accessed Dice servers located in Dice's Bay City facility and accessed electronic file layouts that contained proprietary signal processing intelligence software. Subsequently, at various times between July 12, 2011 and July 25, 2011, Ms. Condon accessed Dice servers located at client sites and initiated file transfers of proprietary signal processing intelligence software. Due to the competitive advantage that this material gave Dice, its illegal obtainment by Bold has caused significant injury to Dice. Dice has therefore brought this suit against Bold, with its Second Amended Complaint alleging four counts: (I) Violation of Michigan Uniform Trade Secret Act, (II) Violation of the Digital Millennium Copyright Act, (III) Copyright Infringement – Creation of Unauthorized Derivative Works, and (IV) Violation of Computer Fraud and Abuse Act.

Bold has brought the instant Motion with regard to Count IV of Dice's Second Amended Complaint, arguing that Dice has failed to allege a "loss" covered by the Computer Fraud and Abuse Act ("CFAA")(18 USC § 1030 et seq). For the reasons stated herein, Bold's Motion should be denied.

## ARGUMENT

A.  **DICE HAS PLED A LOSS COVERED BY THE CFAA**

1.  This Court Should Recognize the Two-Category Approach to "Loss" Under the CFAA.

The Computer Fraud and Abuse Act prohibits certain conduct involving the unauthorized access of computers. Dice's CFAA claim is based on 18 USC § 1030(c)(4)(A)(i)(I), which covers conduct involving "loss to 1 or more persons during any 1-year period...aggregating at least $5,000 in value." In turn, the Act further defines the term "loss" as follows:

> the term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service. [18 USC § 1030(e)(11).]

Bold's Motion argues that because Dice has not pled losses resulting from an "interruption of service," Dice has failed to plead a loss covered by the CFAA. Although Bold's Motion attempts to portray interpretation of this statute as a settled issue, in actuality district courts have been split on whether this provision contains two separate types of losses: losses that do not need to be the result of interruption of service, and losses which do need to be the result of interruption of service. Some courts have held that the statute should be interpreted narrowly, such that all loss must relate to interruption of service (i.e. only one category of loss). However, even the authority cited by Bold recognizes that <u>more</u> district courts have found that a broader interpretation of the statute is appropriate, such that only "revenue lost, costs incurred, or other consequential damages" must relate to interruption of service, and "the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense" need not relate to interruption of service. See *Continental Group, Inc v KW Property Management, LLC*, 622 F Supp 2d 1357, 1371 (SD FL,

2009).

Numerous federal courts have concluded that a loss under the CFAA includes costs of investigating intrusions and taking subsequent remedial measures. "Costs associated with investigating intrusions into a computer network and taking subsequent remedial measures are losses within the meaning of the statute." *Multiven, Inc v Cisco Systems, Inc*, 725 F Supp 2d 887, 895 (ND Cal, 2010); see also *IMS Inquiry Management Systems, Ltd v Berkshire Information Systems, Inc*, 307 F Supp 2d 521, 526 (SD NY, 2004)(plaintiff's allegations that defendant's unauthorized activity forced plaintiff to incur costs of more than $5,000 in damage assessment and remedial measures was sufficient to state a claim). Many courts have also specifically rejected the argument advanced by Bold that all loss must relate to interruption of service. See *Jedson Engineering, Inc v Spirit Const Services, Inc*, 720 F Supp 2d 904, 929 (SD Ohio, 2010)(rejecting the argument that all loss must relate to interruption of service, and finding that the plaintiff "can recover for costs associated with investigating ways to make the website more secure."). Indeed, just within the last few months, district courts have reviewed the case law in this area, and elected to follow the two-category approach. See *Farmers Ins Exchange v Auto Club Group*, --F Supp 2d--; 2011 WL 4888889 at *6-7 (ND Ill, 2011)(**Exhibit A**).

Although Bold argues that this Court has previously ruled in favor of the narrow one-category approach in *General Scientific Corp v SheerVision, Inc*, 2011 WL 3880489 (ED Mich, 2011)(**Exhibit A**), such is not the case. In *SheerVision*, the plaintiff alleged two things in regard to its losses: (1) that plaintiff *believed* it *will* incur costs in excess of $5,000, and (2) damage to plaintiff's business through use of the confidential information obtained. *Id*. at *3. The Court found that the plaintiff had failed to allege a loss covered by the CFAA. As to the first allegation, the plaintiff had merely speculated about possible future damages, which is

insufficient for pleadings generally. *Id.* at *4. As to the second allegation, the Court found that <u>lost revenue</u> must relate to interruption of service under the CFAA. *Id*. The Court did not render an opinion on the type of damages alleged in this case, i.e. costs due to damage assessment and remedial activities. Therefore, the *SheerVision* Court was not required to decide whether there was a first category of loss that need not relate to interruption of service, as the plaintiff had only alleged the second type of loss, which plainly must relate to interruption of service. Indeed, the *SheerVision* Court's ruling is perfectly compatible with the broader two-category approach, given that such an approach does require lost revenue damage to relate to interruption of service.

This broader interpretation is in accordance with the language of the statute, and should be adopted by this Court. A plain reading of the statute shows that Congress separated the types of compensable loss into two categories: (1) "the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense," and (2) "any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 USC § 1030(e)(11). The fact that an "and" separates these two categories in the statute is extremely important. The narrow interpretation cannot be accepted because the "and" would be unnecessary. In fact, the narrow interpretation renders <u>two</u> uses of "and" unnecessary, and renders "cost of responding to an offense" and "cost incurred" redundant. The statute currently reads:

> the term "loss" means any reasonable cost to any victim, including the *cost of responding to an offense*, conducting a damage assessment, **and** restoring the data, program, system, or information to its condition prior to the offense, **and any** revenue lost, *cost incurred*, or other consequential damages incurred because of interruption of service. [18 USC § 1030(e)(11)(emphasis added).]

The first "and" signals to the reader that "restoring the data" is the last part of the first category, while the second "and any" signals the beginning of the second category, which relates to

interruption of service. Congress therefore was allowing for *all* loss relating to responding to the offense, *and* consequential loss (such as lost revenue) if it related to interruption of service.[1] If Congress intended there to be only one category of loss, and everything within that category must relate to interruption of service, there would be no need to use two "and," and no need to reference "cost" twice. Instead, Congress would simply have written the statute to say:

> the term "loss" means any reasonable cost to any victim because of interruption of service, including the cost of responding to an offense, conducting a damage assessment, restoring the data, program, system, or information to its condition prior to the offense, revenue lost, or other consequential damages incurred.

Because Congress took the step of separating these categories, and "interruption of service" relates only to the second category, it means that *any* "cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense," is compensable regardless of whether it relates to interruption of service.

2. Dice Has Pled a Loss Under the Two-Category Approach

In this matter, Dice has clearly pled a loss pursuant to the two-category approach. After pleading in its Second Amended Complaint that a Bold employee had illegally accessed Dice's proprietary information, Dice alleges:

> 34. Dice has sustained a "loss" significantly in excess of $5,000 as a result of Bold's violation of this Act. Specifically, Dice has incurred and continues to incur costs attributable to damage assessment and remedial activities necessary to terminate Defendant's unauthorized access to Dice servers. [(Docket No. 20).]

Thus, Dice has pled a loss that falls into the first category, "the cost of responding to an offense,

---

[1] Thus, Congress effectively disallowed consequential loss (such as lost revenue) if it does not relate to the actual interruption of service (such as the lost revenue from subsequent pirating of stolen software). This is perhaps because that type of loss (i.e. pirating stolen software) is addressed by other statutes and causes of action, and because the CFAA is the particular statute designed to address the actual intrusion into a computer system. The two-category approach to "loss" under the CFAA is in harmony with this statutory purpose, as the two categories cover the various types of damage that can result from intrusion into a computer system.

{S0938767.DOC.1}                                5

conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense." 18 USC § 1030(e)(11). Additionally, as the Court in *Jedson, supra* specifically noted, a plaintiff "can recover for costs associated with investigating ways to make the website more secure." Here, that is precisely what Dice has pled - a loss associated with assessing how its servers were compromised, what information was taken, and how to terminate and prevent that unauthorized access in the future. This is exactly the type of loss the CFAA is designed to compensate.

## CONCLUSION

The CFAA defines "loss" to include two categories: (1) "the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense," and (2) "any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 USC § 1030(e)(11). Only the second category must relate to interruption of service. Dice has pled a loss consistent with the first category, and therefore it is immaterial that Dice has not pled an interruption of service. Accordingly, Bold's Motion for Partial Dismissal should be denied.

WHEREFORE, Plaintiff Dice Corporation respectfully requests that this Honorable Court deny Defendant Bold's Motion for Partial Dismissal, and grant Plaintiff any other relief this Court deems just and appropriate.

Dated: December 27, 2011

By: s/Craig W. Horn
CRAIG W. HORN
Braun Kendrick Finkbeiner P.L.C.
Attorneys for Plaintiff
4301 Fashion Square Boulevard
Saginaw, Michigan 48603
(989) 498-2100
crahor@bkf-law.com
(P34281)