UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DICE CORPORATION,

        Plaintiff,

                                        Case Number 11-13578

v.                                     Honorable Thomas L. Ludington

BOLD TECHNOLOGIES,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR ATTORNEY FEES WITHOUT PREJUDICE
AND CANCELLING HEARING**

In this intellectual property dispute, Plaintiff Dice Corporation alleged that Defendant Bold Technology accessed Plaintiff's servers and stole its software. Defendant denied that it did any such thing. Relying on deposition testimony, affidavits, and other evidence showing that it did not access Plaintiff's servers or software, Defendant moved for summary judgment. Plaintiff opposed the motion with conclusory assertions, not evidence. Defendant's motion was granted. *Dice Corp. v. Bold Techs.*, --- F. Supp. 2d ----, 2012 WL 5292920 (E.D. Mich. Oct. 25, 2012).

On November 21, 2012, Defendant moved for an award of attorney fees and costs. ECF No. 99. Specifically, Defendant sought $187,650.48 (the total incurred through November 19, 2012) pursuant to the Copyright Act, the Digital Millennium Copyright Act, and the Michigan Uniform Trade Secrets Act. Defendant asserted that it is entitled to these fees and costs because Plaintiff's claims were baseless and brought in bad faith.

The same day as Defendant filed its motion for attorney fees, Plaintiff filed a notice of appeal. ECF No. 100. The notice explains that Plaintiff appeals the opinion and order granting Defendant summary judgment and dismissing the complaint.

The filing of a notice of appeal does not divest a district court of jurisdiction to decide a motion for attorney fees. *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2nd Cir. 2004). Rather, in such situations a district court has the discretion to do three things:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved.

Fed. R. Civ. P. 54(d) advisory committee's note (1993). Here, the Court selects the final option for two reasons.

First, if Plaintiff prevails on appeal, Defendant would not be entitled to attorney fees. So deciding the motion would have wasted judicial resources. *See, e.g.*, *Derringer v. Sewell*, CV-08-8156-PHX-DGC, 2009 WL 2424662, at *1 (D. Ariz. Aug. 7, 2009) (denying motion for attorney fees without prejudice pending appeal because of interest in judicial economy); *Ewing v. TWA Rest. Group, Inc.*, 08-2024-CM, 2009 WL 976490, at *1 (D. Kan. Apr. 10, 2009) (same); *Quigley v. Gov't Emps. Ins. Co.*, 8:03-CV-1349-T-26EAJ, 2008 WL 384561, at *1 (M.D. Fla. Feb. 11, 2008) (same).

Second, if Plaintiff does not prevail on appeal, Defendant will almost certainly seek to recoup the expenses that it incurred on appeal. *See, e.g.*, *Quigley*, 2008 WL 384561, at *1. And efficiency favors resolving all of the fee requests at once rather than piecemeal. Consequently, if Defendant prevails on appeal, it will be permitted 21 days after the issuance of the mandate to file a request for attorney fees.

Accordingly, it is **ORDERED** that Defendant's motion for attorney fees (ECF No. 99) is **DENIED WITHOUT PREJUDICE**.

-3-

It is further **ORDERED** that Defendant, if it is the prevailing party on appeal, may refile a motion for attorney fees within 21 days of the entry of the mandate of the Sixth Circuit on this Court's docket.

It is further **ORDERED** that the hearing scheduled for June 10, 2013 is **CANCELLED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

Dated: April 11, 2013

                                       s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 11, 2013.

                             s/Tracy A. Jacobs
                             TRACY A. JACOBS